IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HENRY J. LUGO,  )
           )
      Plaintiff(s),  )   No. C 05-4389 CRB (PR)
           )
vs.  )   ORDER OF DISMISSAL
           )
JEANNE S. WOODFORD, et al.,  )   (Doc # 2)
           )
      Defendant(s).  )
           )

Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP") and frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that the grievance process of the California Department of Corrections ("CDC") "does not function properly." Plaintiff seeks an order compelling CDC officials to answer his grievances "properly and timely," and also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
2   elements: (1) that a right secured by the Constitution or laws of the United States
3   was violated, and (2) that the alleged violation was committed by a person acting
4   under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

5   B.   Legal Claims

6   Plaintiff's allegations that prison officials have failed to answer his
7   "weekly" inmate appeals "properly and timely" fail to state a claim because it is
8   well-established that there is no constitutional right to a prison administrative
9   appeal system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). And a
10  state's creation of a prison administrative appeal system does not implicate a
11  liberty interest protected by the Due Process Clause. See Antonelli v. Sheahan, 81
12  F.3d 1422, 1430 (7th Cir. 1996) (prison appeal process is procedural right that
13  does not give rise to protected liberty interest requiring procedural protections of
14  Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)
15  (same). Accordingly, a prison official's failure to process an inmate appeal, or to
16  "properly and timely" process an appeal, is not actionable under § 1983. See id.

**CONCLUSION**

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file. No fee is due.

SO ORDERED.

DATED: November 1, 2005

CHARLES R. BREYER
United States District Judge

2